# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

April 29, 2019

**BY ECF**  
Honorable Gregory H. Woods  
United States District Judge  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl St.  
New York, NY 10007-1312

       Re: Vidal Ramirez v. Energy Resources Personnel LLC.  
       Case No. 18-cv-3711 (GHW)

Your Honor:

    This office represents Plaintiffs in the above referenced matter. Plaintiffs write with Defendants' counsel's consent to submit this letter setting forth our views on why the agreed upon settlement in this matter is a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act, and to request that the Court dismiss this matter and Plaintiffs' claims in their entirety and with prejudice.

    The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, which was reached after extensive settlement discussions by the parties, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

    Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and penalties for alleged violations of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

    Specifically, Plaintiffs allege they were employed as delivery drivers by Defendants for several years at Defendants' restaurants, Dig Inn. During their employment, Plaintiffs allegedly were paid hourly rates that were below the lawful minimum wage rate.

    Defendants categorically denied and continue to deny the allegations in the Complaint. Defendants sharply disagreed with Plaintiffs' characterization of the duties of Plaintiffs, and claimed that they were delivery employees and always engaged in direct tip producing work throughout their workdays. As a result, Defendants asserted that Plaintiffs were properly paid for

Page 2

all hours worked at or above the appropriate and lawful minimum wage for their occupation. Moreover, Defendants claimed that Plaintiffs received ample gratuities each week which were used, in part, as a tip credit against their minimum wage in accordance with applicable law. Finally, Defendants maintained that, Plaintiffs were not required to purchase tools of the trade and Defendants paid for all required tools of the trade, Defendants paid spread of hours compensation at all times required by law, and Defendants substantially complied with the wage and tip credit notice requirements under New York and federal law.

However, the parties have weighed the risks of trial and costs of further litigation. Discovery on the above issues would have led to protracted and costly litigation involving the depositions of Plaintiffs and Defendants. The parties instead agreed to settle the matter for an amount that is fair and reasonable before the use of extensive resources on both sides in discovery and at trial. After considerable negotiations, the parties reached an agreement to settle this action.

2. **Settlement Terms**

Plaintiffs allege they are entitled to back wages of approximately $186,912.54. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to approximately $627,676.76 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total lump sum of $195,500.00. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants produced employment records, many of which contradict Plaintiffs' claims. While Plaintiffs dispute the validity of the records, and aver that they were forced to sign them in order to be paid, Plaintiffs recognize that the records provide Defendants with a colorable defense, presenting the possibility that Plaintiffs' recovery may be severely limited.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

93540391

Page 3

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $65,166.62 from the settlement fund as attorneys' fees and costs, subject to review and approval of the Court. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm. [1]

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in the New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.  A brief biography of each attorney who performed billed work in this matter is as follows:

a. My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis.  I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983.  From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law.  I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

b. Shawn Clark was a litigation associate at Michael Faillace & Associates and was billed at the rate of $375 per hour. Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate judges at New York University's Opperman Institute for Judicial Administration. Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school

---

[1] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."

93540391

Page 4

graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York. Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He was selected as Super Lawyers Rising Star for 2015.

**4. Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his clients. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Agreement is submitted herewith. Upon the Court's confirmation and approval that the proposed Agreement is fair, adequate, and reasonable, Plaintiffs respectfully request that the Court terminate this matter and immediately dismiss the complaint and all claims asserted by Plaintiffs with prejudice.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Michael Faillace
Michael Faillace
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiffs

Enclosures

cc:   Carolyn D. Richmond, Esq. (via ECF)
      Matthew C. Berger, Esq. (via ECF)

93540391