UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARMANDO VIDAL RAMIREZ, IGNACIO ISRAEL
CEDENO MINERO, DANIEL GUERRERO, ESTEBAN
MORALES, JORGE ALBERTO JIMENEZ LOPEZ,
JOSE JAVIER RODRIGUEZ ROBLES (a/k/a JAVIER
RODRIGUEZ), JUAN COSME DURAN, MISAEL
MENDEZ, RAMIRO TORRES SAENZ, RICARDO
TRUJILLO, ROBERTO VELASQUEZ RODRIGUEZ,
TEODULO MORENO, ELFEGO HERNANDEZ
GOMEZ, AGUSTIN MORALES, DAVID LUNA
PEREZ, EFRAIN ANTONIO and REGINALDO
ANIBAL ROJAS individually and on behalf of others
similarly situated,

**ECF Case**

**No. 1:18-cv-03711 (GHW)**

Plaintiffs,

-against-

ENERGY RESOURCES PERSONNEL LLC (d/b/a DIG
INN), PUMP 80 PINE LLC (d/b/a DIG INN), 55TH
STREET RESTAURANT OPERATING, LLC, (d/b/a
DIG INN), PUMP 17TH STREET LLC (d/b/a DIG INN),
PUMP HOLDINGS, LLC (d/b/a DIG INN), and ADAM
ESKIN,

Defendants.

---

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

**WHEREAS,** Plaintiffs Armando Vidal Ramirez, Ignacio Israel Cedeno Minero, Daniel Guerrero, Esteban Morales, Jorge Alberto Jimenez Lopez, Jose Javier Rodriguez Robles (a/k/a Javier Rodriguez), Juan Cosme Duran, Misael Mendez, Ramiro Torres Saenz, Ricardo Trujillo, Roberto Velasquez Rodriguez, Teodulo Moreno, Elfego Hernandez Gomez, Agustin Morales, David Luna Perez, Efrain Antonio, Reginaldo Anibal Rojas, and Joaquin Luna (collectively, "Plaintiffs") commenced the above-captioned action against Defendants Energy Resources Personnel LLC (d/b/a Dig Inn), Pump 80 Pine LLC (d/b/a Dig Inn), 55th Street Restaurant Operating, LLC, (d/b/a Dig Inn), Pump 17th Street LLC (d/b/a Dig Inn), Dig Inn Restaurant Group LLC (incorrectly named in the Complaint as "Pump Holdings, LLC (d/b/a Dig Inn)"), and Adam Eskin (collectively, "Defendants") on April 26, 2018, in the United States District Court for the Southern District of New York ("Court"), bearing Case No. 1:18-cv-03711 ("Action") and alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS,** Defendants have denied and continue to deny all allegations and claims made by Plaintiffs in their entirety;

WHEREAS, Plaintiffs and Defendants (collectively, the "Parties") desire to fully and finally resolve all claims that they have, had, and/or may have against each other;

WHEREAS, Plaintiffs and Defendants engaged in extensive negotiations in good faith and at arms-length and exchanged detailed damages calculations for settlement purposes;

WHEREAS, On February 5, 2019, Plaintiffs and Defendants participated in a Court-ordered mediation with mediator Alexandra B. Carter, Esq. and achieved a settlement in principle;

WHEREAS, Plaintiffs and Defendants reached a settlement that is acceptable to the Parties and that constitutes a fair and reasonable compromise of Plaintiffs' claims, Defendants' defenses, and the *bona fide* dispute between the Parties; and

WHEREAS, the Parties have memorialized their settlement by way of this Settlement Agreement and Release ("Agreement") and understand that they are waiving legal rights by signing this Agreement and enter into this Agreement voluntarily with a full understanding of, and agreement with, all of its terms.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators, and assigns, and Defendants agree as follows:

1. **Preliminary Matters.** Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with Plaintiffs' counsel, Michael Faillace & Associates, P.C. ("Plaintiffs' Counsel"), in order to obtain advice with respect to the terms of this Agreement, and have had the opportunity to consider Plaintiffs' counsel's advice with respect to the foregoing and following Agreement. Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms, after it has been translated into Plaintiffs' primary language by Plaintiffs' counsel.

2. **No Admission of Liability.** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or anyone else as a result of or growing out of matters that: (i) are set forth in the Complaint filed by Plaintiffs in the Action; (ii) could have been raised in the Action; or (iii) otherwise involve Plaintiffs' employment relationship with Defendants and/or the separation or termination of Plaintiffs' employment relationship with Defendants. Plaintiffs shall not be considered a prevailing party. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an application seeking Court approval of this Agreement and/or the final dismissal of the Action or in a proceeding for breach of this Agreement and/or to enforce the terms of this Agreement.

3. **Dismissal of Action and Settlement Approval.** For and in consideration of the promises of Defendants set forth in this Agreement, the receipt and sufficiency of which Plaintiffs hereby acknowledge, Plaintiffs agree: (i) to dismiss the Action with prejudice or cause the Action to be dismissed with prejudice; (ii) not to re-file the causes of action asserted in the Action or any other causes of action that could have been asserted in the Action; (iii) not to institute any action against Defendants based on any claims or allegations that exist on or prior to the date that Plaintiffs execute this Agreement ("Effective Date") and that are released by this Agreement; and

(iv) not to institute any action against Releasees (as defined below) based on any wage and hour claims that exist on or prior to the Effective Date and that are released by this Agreement. The Parties agree to submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016) ("*Cheeks*"). To that end, the Parties shall sign the Stipulation and (Proposed) Order Approving FLSA Settlement and Dismissing Action with Prejudice ("Dismissal Order") that is attached to this Agreement as **Exhibit A**. The Dismissal Order shall be filed in the United States District Court for the Southern District of New York with a fully executed copy of this Agreement and any other papers that are necessary to effectuate the approval of the Agreement, including the release of claims contemplated thereby, and the dismissal of the Action with prejudice. Defendants shall be provided with a reasonable period of time to review and provide comments to Plaintiffs regarding Plaintiffs' application for the approval of this Agreement prior to its submission to the Court, as well as to make their own submission to the Court if appropriate.

4. **Consideration.**

A. For and in consideration of the promises of Plaintiffs set forth in this Agreement, including but not limited to the releases contained in Sections 5(A) and 5(B) below, and subject to an order by the Court approving the terms and conditions of this Agreement as a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act, in accordance with *Cheeks*, and dismissing the Action with prejudice (collectively, "Final Order"), Dig Inn Restaurant Group LLC ("Dig Inn") agrees to pay Plaintiffs and their attorneys the maximum total sum of One Hundred Ninety-Five Thousand Five Hundred Dollars and Zero Cents ($195,500.00) ("Settlement Payment") in full and final satisfaction of all issues between the Parties (excluding the employer's share of any payroll taxes typically borne by an employer with respect to any payment made to Plaintiffs on a W-2 basis). The Settlement Payment shall be allocated and paid as follows:

(i) Dig Inn shall issue checks to Plaintiffs in accordance with the Settlement Payment Schedule attached hereto as **Exhibit B** ("Payment Schedule"). As set forth in the Payment Schedule: (1) twenty percent (20%) of the payment to each Plaintiff represents back wages and compensation allegedly due to each Plaintiff and shall be paid less applicable taxes and deductions, and shall be reported via an IRS Form W-2, and (2) the remaining eighty percent (80%) of the payment to each Plaintiff represents alleged liquidated damages, penalties, and interest, to be treated as non-wage damages and reported on an IRS Form 1099;

(ii) Dig Inn shall issue a check payable to "Michael Faillace & Associates, P.C." in the amount of Sixty-Five Thousand One Hundred and Sixty-Six Dollars and Sixty-Two Cents ($65,166.62), which shall represent Plaintiffs' alleged attorneys' fees, costs, and expenses and be reported on an IRS Form 1099.

B. Provided that no appeal is filed, Dig Inn shall deliver the Settlement Payment, as set forth in Section 4(A)(i) and the Payment Schedule, and as set forth in Section 4(A)(ii), to Plaintiffs' Counsel within sixty (60) days after the Court has entered the Final Order and Plaintiffs and Plaintiffs' Counsel have provided the required tax forms as described in Section 4(C) below, whichever occurs last. However, if an appeal is timely filed, then Dig Inn shall deliver

the Settlement Payment to Plaintiffs' Counsel within seven (7) days after the date of the latest of the following events: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court; and (5) Plaintiffs and Plaintiffs' counsel have provided the required tax forms as described in Section 4(C) below. In the event that the due date for the Settlement Payment falls on a weekend or Court holiday, then the Settlement Payment shall be due the next business day following the weekend or Court holiday at issue. Plaintiffs' Counsel shall be responsible for distributing Plaintiffs' portion of the Settlement Payment to Plaintiffs.

      C.     Dig Inn will issue Plaintiffs an IRS Form W-2 and an IRS Form 1099 in connection with the payments to Plaintiffs set forth in Section 4(A)(i) and the Payment Schedule. Plaintiffs shall provide Defendants' counsel with completed IRS Forms W-4 and W-9 prior to receiving the payments set forth in Section 4(A)(i) and the Payment Schedule. Dig Inn will issue an IRS Form 1099 to Michael Faillace & Associates, P.C. in connection with the payment set forth in Section 4(A)(ii). Michael Faillace & Associates, P.C. shall provide a completed IRS Form W-9 to Defendants' counsel prior to receiving the payment set forth in Section 4(A)(ii).

      D.     Because a portion of the Settlement Payment does not encompass wages, Dig Inn will not withhold taxes from the non-wage payments made pursuant to Section 4(A)(i) and the Payment Schedule ("Non-Wage Payments"). Plaintiffs understand and agree that Plaintiffs are solely responsible for any and all tax obligations that may result from the Non-Wage Payments and that Plaintiffs are not relying on any representations made by Defendants or their counsel regarding the tax implications of the Non-Wage Payments. Although the Parties believe, in good faith, that the tax treatment of the Non-Wage Payments is proper and in compliance with applicable IRS, state and municipal regulations, if, notwithstanding such belief, the IRS or any other federal, state or local government, administrative agency, or court determines that Plaintiffs and/or any of the Defendants are liable for any failure by Plaintiffs to pay federal, state, or local taxes with respect to the Non-Wage Payments, Plaintiffs agree to reimburse, indemnify, and hold Defendants harmless for any such liability.

      E.     Plaintiffs' Counsel and Defendants' counsel do not intend for this Agreement to constitute legal advice regarding the tax consequences of these payments. To the extent that this Agreement is interpreted to contain or constitute legal advice regarding any federal, state, or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties. Plaintiffs agree that they have not relied on any advice from Defendants or their attorneys concerning the tax consequences of the payments made pursuant to this Agreement, but are relying on their own judgment and the advice of their own counsel in this matter.

      F.     All payments set forth above shall be subject to all liens and wage garnishment notices concerning Plaintiffs that are received by Defendants to the extent required by applicable law.

5.    **Mutual Releases.**

A.    **Wage and Hour Release by Plaintiffs.**  For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns, hereby fully and forever releases, relieves, waives, relinquishes, and discharges Releasees (as defined below) from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands relating to Plaintiffs' compensation and/or any wage and hour violations arising from or relating to Plaintiffs' employment or engagement with Defendants, whether known or unknown, under federal, state, and/or local wage and hour laws (including, but not limited to, the FLSA, the NYLL, the New York Code of Rules and Regulations, the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries and Occupations, and the New York Wage Theft Prevention Act) or the common law, including any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs, from the beginning of the world through the Effective Date of this Agreement.  This release is limited solely and only to wage and hour claims that have arisen on or prior to the Effective Date of this Agreement and it does not release or discharge any claims that may occur after that date.  As used in this Agreement, the term "Releasees" shall refer to Defendants, Defendants' subsidiaries (including but not limited to any grandchild entities, great-grandchild entities, and so on), parents (including but not limited to any grandparent entities, great-grandparent entities, and so on), affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys, and all of their present and former owners, directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, and insurers.

B.    **General Release by Plaintiffs.**  For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Payment and the General Release by Defendants in Section 5(C) below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs hereby fully and forever release, relieve, waive, relinquish, and discharge Defendants from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have, or hereafter can, shall, or may have against Defendants that may be legally waived by private agreement, arising out of, by reason of, or relating in any way whatsoever to any matter, cause, or thing, from the beginning of the world through the Effective Date of this Agreement, including, but not limited to: (i) claims arising directly or indirectly from Plaintiffs' employment with Defendants, and/or the termination of that employment; (ii) claims arising directly or indirectly from the action(s) or inaction of Defendants; (iii) claims under federal, state, or local laws, statutes, regulations, rules, ordinances, or orders, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Worker Adjustment and Retraining Notification Act, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, the Equal Pay Act, the Immigration Reform and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act, the

- 5 -

Occupational Safety and Health Act, the Family and Medical Leave Act of 1993, the New York State Worker Adjustment and Retraining Notification Act, the New York State Human Rights Law, the New York City Earned Safe and Sick Time Act, and the New York City Human Rights Law, each as amended; (iv) claims for unpaid wages, whether based on the common law or otherwise, including all claims for unpaid overtime, commissions, improper deductions, travel time, spread of hours pay, call-in pay, meal credits, tools-of-the-trade, uniform purchase and maintenance, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges, and retained gratuities during Plaintiffs' employment with Defendants, and claims for other compensation, wages, or benefits, including, but not limited to, life insurance, accidental death and disability insurance, sick leave, other employer-provided plans or programs, distributions of income or profit, vacation or other leave time, retirement benefits, pension benefits, the use of information obtained by Defendants as a result of the offering of group health insurance coverage, and/or any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs under any federal, state, or local law; and (v) any other claims, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising on or prior to the Effective Date of this Agreement. This release is limited solely and only to claims that have arisen on or prior to the Effective Date of this Agreement and it does not release or discharge any claims that may occur after that date. The only exclusions from this release are claims for unemployment insurance benefits, workers' compensation benefits, and vested benefits under any applicable employee benefit plan or program. Nothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist, or participate in an investigation, hearing, or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission, or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiffs are precluded from receiving compensation as a result of any such action.

C. **General Release by Defendants.** For and in consideration of the promises of Plaintiffs set forth in this Agreement, including the General Release by Plaintiffs in Section 5(B) above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Defendants hereby fully and forever release, relieve, waive, relinquish, and discharge Plaintiffs from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have, or hereafter can, shall, or may have against Plaintiffs that may be legally waived by private agreement, arising out of, by reason of, or relating in any way whatsoever to any matter, cause, or thing, from the beginning of the world through the Effective Date of this Agreement, including, but not limited to: (i) claims arising directly or indirectly from Plaintiffs' employment with any of the Defendants, and/or the termination of that employment; (ii) claims arising directly or indirectly from the action(s) or inaction of Plaintiffs; (iii) claims under any federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders; (iv) claims for penalties, damages, liquidated damages,

89487119

and attorneys' fees related to claims under federal, state, and/or local law; and (v) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising on or prior to the Effective Date of this Agreement. This release is limited solely and only to claims that have arisen on or prior to the Effective Date of this Agreement and it does not release or discharge any claims that may occur after that date. Nothing in this Agreement shall infringe on Defendants' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties.

6.    **No Entitlement to Payments or Benefits Outside This Agreement.** Plaintiffs expressly understand and agree that, except as specifically provided in this Agreement, Plaintiffs are not entitled to any payments and/or benefits from Releasees, including, but not limited to, any wages, compensation, back pay, front pay, gratuities, charges purported to be gratuities, commissions, incentive pay, bonuses, interest, damages, benefits, severance pay, vacation pay, sick leave, paid time off, costs, disbursements, and/or attorneys' fees through the date that Plaintiffs execute this Agreement.

7.    **Employment.** Plaintiffs agree to relinquish and hereby do relinquish any and all rights that Plaintiffs may have to either directly or indirectly: (i) be employed by; (ii) be assigned to; (iii) work for; (iv) seek employment with or apply to; (v) accept employment with; or (vi) provide services in exchange for compensation in any capacity (including but not limited to as an employee, independent contractor, consultant or temporary employee) any of the Defendants. Plaintiffs agree that they will not seek, apply for, or accept any employment or assignment to which they have relinquished any rights, and that, in the event they inadvertently seek, apply for, or accept any employment or assignment to which they have relinquished any rights, they will immediately withdraw, forego, leave, and/or voluntarily terminate such inquiry, application, employment, and/or assignment. Plaintiffs further agree that Defendants may immediately terminate any employment or assignment to which Plaintiffs have relinquished any rights at any time. Plaintiffs acknowledge and understand that this provision is intended to protect Defendants from allegations of retaliation and that this Section 7 constitutes a material provision of this Agreement.

8.    **Governing Law.** This Agreement and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to conflict of laws principles.

9.    **Venue.** Venue for any dispute between the Parties shall lie in the United States District Court for the Southern District of New York. However, if the Court should refuse or decline to accept jurisdiction for any reason, the Parties agree that this Agreement may be enforced in any court of competent jurisdiction located in the State of New York, County of New York. The Court's refusal to retain jurisdiction over the settlement shall not void or otherwise effect this Agreement.

10.    **Severability.** In the event that the Court determines that any provision of this Agreement is invalid or unenforceable (other than Section 5), the remaining provisions shall continue in full force and effect. In the event that, after the Court approves this Agreement

89487119

(including Section 5) and dismisses the Action with prejudice, another court of competent jurisdiction determines that any provision of this Agreement is invalid or unenforceable (other than Section 5), the remaining provisions shall continue in full force and effect. However, if that court of competent jurisdiction determines that Section 5 is invalid or unenforceable, then all monies paid hereunder must be returned to Dig Inn immediately.

11.    **Status of Settlement if Case Is Not Ultimately Dismissed.** In the event that the Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the Effective Date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

12.    **Attorneys' Fees and Costs.** Except as otherwise specifically set forth herein, Plaintiffs and Defendants expressly agree to bear their own attorneys' fees, costs and expenses incurred in the Action, including the fees, costs, and expenses incurred in negotiating the settlement, drafting this Agreement, and obtaining the dismissal of the Action with prejudice. No party shall be responsible or liable for the payment of any attorneys' fees, costs, or expenses for any other party, except as set forth herein.

13.    **Interpretation/Jointly Drafted Agreement.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties' respective attorneys. It shall be deemed to have been jointly drafted and shall not be construed for or against any party because that party drafted the Agreement or requested the inclusion of any particular provision.

14.    **Important Acknowledgments.** It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby. The Parties represent and warrant that this Agreement, including the monies received by Plaintiff and referenced herein, constitutes a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks*. Accordingly, the Parties represent and warrant that the Settlement Payment is fair and reasonable and that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The Parties further represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys and that they are executing this Agreement knowingly and voluntarily.

15.    **No Other Representations or Agreements; Entire Agreement.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement is a fully integrated contract expressing and containing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter of this Agreement. This Agreement supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter of this Agreement.

- 8 -

16. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing that is signed by the Parties and specifically references this Agreement.

17. **Headings.** The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

18. **Successors and Assigns.** This Agreement will apply to, be binding in all respects upon, and insure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them, provided, however, that no party may delegate or avoid any of its liabilities, obligations, or responsibilities under this Agreement.

19. **Execution in Counterparts.** This Agreement may be executed in counterparts by the Parties. Each executed Agreement, when taken together, shall constitute a complete Agreement. Scanned, photocopied, and/or facsimile copies of each executed Agreement shall be deemed original copies for all purposes.

20. **Knowing and Voluntary Acknowledgment.** By signing this Agreement, Plaintiffs acknowledge that:

A. Plaintiffs have carefully read and fully understands all of the provisions of this Agreement;

B. Plaintiffs understand that all of the consideration that Plaintiffs are receiving for signing this Agreement are described in the Agreement itself, and no other promises or representations have been made to cause Plaintiffs to sign it;

C. Plaintiffs are, through this Agreement, releasing Defendants from any claims that Plaintiffs may have against them relating to Plaintiffs' employment with Defendants, or Plaintiffs' separation from employment with Defendants;

D. Plaintiffs are, through this Agreement, releasing Releasees from any wage and hour claims that Plaintiffs may have against Releases relating to Plaintiffs' employment with Defendants, or Plaintiffs' separation from employment with Defendants;

E. Plaintiffs knowingly, freely, and voluntarily agree to all of the terms set forth in this Agreement, including, without limitation, the waiver, release, and covenants contained in it;

F. Plaintiffs knowingly and voluntarily intend to be legally bound by this Agreement;

G. Plaintiffs were advised to consult with counsel, and, in fact, consulted with counsel, prior to executing this Agreement;

H. Plaintiffs are signing this Agreement knowingly, voluntarily, and without any coercion or duress;

- 9 -

Agreement; and    I.    Plaintiffs are duly authorized and have full authority to execute this

J.    Plaintiffs have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

**IN WITNESS WHEREOF,** the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

ARMANDO VIDAL RAMIREZ

Dated: _3 - 25 - 2019_

IGNACIO ISRAEL CEDENO MINERO

Dated: _3-26-2019_

DANIEL GUERRERO

Dated: _3 - 25 - 2019_

ESTEBAN MORALES

Dated: _3 - 26 - 2019_

JORGE ALBERTO JIMENEZ LOPEZ

Dated: _3/26/19_

JOSE JAVIER RODRIGUEZ ROBLES (a/k/a JAVIER RODRIGUEZ)

Dated: _4/08/19_

- 10 -

89487119

**JUAN COSME DURAN**

Dated: 3 - 2 6 - 19 _____

_____

**MISAEL MENDEZ**

Dated: 3-25-19 _____

_____

**RAMIRO TORRES SAENZ**

Dated: 3/25/19 _____

_____

**RICARDO TRUJILLO**

Dated: 03-29/19 _____

_____

**ROBERTO VELASQUEZ RODRIGUEZ**

Dated: 3/26./19 _____

_____

**TEODULO MORENO**

Dated: 3/27/19 _____

_____

**ELFEGO HERNANDEZ GOMEZ**

Dated: 5/26/19 _____

_____

- 11 -

89487119

**AGUSTIN MORALES**

Dated: 3 /25 / 19 _____

**DAVID LUNA PEREZ**

Dated: 3 / 27 / 19 _____

**EFRAIN ANTONIO**

Dated: 4 / 03 / 2019 _____

**REGINALDO ANIBAL ROJAS**

Dated: 7 . 26 - 2019 _____

**JOAQUIN LUNA**

Dated: 3 - 26 - 19 _____

**ENERGY RESOURCES PERSONNEL LLC**

Dated: _____ BY: _____

**PUMP 80 PINE LLC**

Dated: _____ BY: _____

- 12 -

89487119

**AGUSTIN MORALES**

Dated: _____        _____

**DAVID LUNA PEREZ**

Dated: _____        _____

**EFRAIN ANTONIO**

Dated: _____        _____

**REGINALDO ANIBAL ROJAS**

Dated: _____        _____

**JOAQUIN LUNA**

Dated: _____        _____

**ENERGY RESOURCES PERSONNEL LLC**

Dated: ___3 | 2 6 | 19___        BY: _____

**PUMP 80 PINE LLC**

Dated: ___3 | 2 6 | 19___        BY: _____

- 12 -

89487119

**55TH STREET RESTAURANT
OPERATING, LLC**

Dated: _3 | 26 | 19_

BY: _____

**PUMP 17TH STREET LLC**

Dated: _3 | 26 | 19_

BY: _____

**DIG INN RESTAURANT GROUP LLC**

Dated: _3 | 26 | 19_

BY: _____

**ADAM ESKIN**

Dated: _3 | 26 | 19_

_____

- 13 -

# EXHIBIT A

89487119

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARMANDO VIDAL RAMIREZ, IGNACIO
ISRAEL CEDENO MINERO, DANIEL
GUERRERO, ESTEBAN MORALES, JORGE
ALBERTO JIMENEZ LOPEZ, JOSE JAVIER
RODRIGUEZ ROBLES (a/k/a JAVIER
RODRIGUEZ), JUAN COSME DURAN, MISAEL
MENDEZ, RAMIRO TORRES SAENZ, RICARDO
TRUJILLO, ROBERTO VELASQUEZ
RODRIGUEZ, TEODULO MORENO, ELFEGO
HERNANDEZ GOMEZ, AGUSTIN MORALES,
DAVID LUNA PEREZ, EFRAIN ANTONIO and
REGINALDO ANIBAL ROJAS individually and on
behalf of others similarly situated,

                                    Plaintiffs,

            -against-

ENERGY RESOURCES PERSONNEL LLC (d/b/a
DIG INN), PUMP 80 PINE LLC (d/b/a DIG INN),
55TH STREET RESTAURANT OPERATING, LLC,
(d/b/a DIG INN), PUMP 17TH STREET LLC (d/b/a
DIG INN), PUMP HOLDINGS, LLC (d/b/a DIG
INN), and ADAM ESKIN,

                                    Defendants.

ECF Case

No. 1:18-cv-03711 (GHW)

STIPULATION AND
(PROPOSED) ORDER
APPROVING FLSA
SETTLEMENT AND DISMISSING
ACTION WITH  PREJUDICE

---

    WHEREAS, on April 26, 2018, Plaintiffs Armando Vidal Ramirez, Ignacio Israel Cedeno

Minero, Daniel Guerrero, Esteban Morales, Jorge Alberto Jimenez Lopez, Jose Javier Rodriguez

Robles (a/k/a Javier Rodriguez), Juan Cosme Duran, Misael Mendez, Ramiro Torres Saenz,

Ricardo Trujillo, Roberto Velasquez Rodriguez, Teodulo Moreno, Elfego Hernandez Gomez,

Agustin Morales, David Luna Perez, Efrain Antonio, and Reginaldo Anibal Rojas ("Plaintiffs")

filed a Complaint asserting claims pursuant to the Fair Labor Standards Act and the New York

Labor Law against Defendants Energy Resources Personnel LLC (d/b/a Dig Inn), Pump 80 Pine

LLC (d/b/a Dig Inn), 55th Street Restaurant Operating, LLC, (d/b/a Dig Inn), Pump 17th Street LLC

89487119

(d/b/a Dig Inn), Dig Inn Restaurant Group LLC (incorrectly named in the Complaint as "Pump Holdings, LLC (d/b/a Dig Inn)"), and Adam Eskin (collectively, "Defendants", and together with Plaintiffs, the "Parties");

WHEREAS, the Parties engaged in discovery, participated in extensive settlement discussions, and reached a settlement of Plaintiffs' claims through arms-length negotiations;

WHEREAS, the Parties have entered into a Settlement Agreement and Mutual Release, dated February __, 2019 ("Agreement"), memorializing the terms of the Parties' settlement; and

WHEREAS, this Court has reviewed the Agreement, finds that its terms provide for a fair and reasonable resolution of a *bona fide* dispute over a provision or provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016), and thereby approves the settlement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiffs and Defendants, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, that this action is dismissed with prejudice, with no award of counsel fees or costs by this Court to any party, and that this Court shall retain jurisdiction to enforce the terms of the Agreement.

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
    Michael A. Faillace, Esq.
    ~~Shawn Clark, Esq.~~ Dark | Tenenbury, Esq.
    60 East 42nd Street, Suite 2540
    New York, New York 10165
    Telephone: (212) 317-1200
    *Attorneys for Plaintiffs*

FOX ROTHSCHILD LLP

By: _____
    Carolyn D. Richmond, Esq.
    Matthew C. Berger, Esq.
    101 Park Avenue, Suite 1700
    New York, New York 10178
    Telephone: (212) 878-7900
    *Attorneys for Defendants*

89487119

SO ORDERED.

Dated: New York, New York
_____ ___, 2019


_____
**HON. GREGORY H. WOODS**

89487119

# EXHIBIT B

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Overtime (OT) Rate | Lawful Weekly | "Gridded" Weekly | Underpayment Per Week | Unpaid Wage & OT | Liq. Damages on Wages & OT | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Armando Vidal Ramirez | | | | | | | | | | | | | | | |
| Ignacio Israel Cedeno Mineros | | | | | | | | | | | | | | | |
| Daniel Guerrero | | | | | | | | | | | | | | | |
| Esteban Morales | | | | | | | | | | | | | | | |
| Jorge Alberto Jimenez Lopez | | | | | | | | | | | | | | | |
| Jose Javier Rodriguez Robles | | | | | | | | | | | | | | | |
| Juan Gomez Duran | | | | | | | | | | | | | | | |
| Misael Morales | | | | | | | | | | | | | | | |
| Ramiro Torres Sarne | | | | | | | | | | | | | | | |
| Ricardo Trujillo | | | | | | | | | | | | | | | |
| Roberto Velasquez Rodriguez | | | | | | | | | | | | | | | |
| Teodulo Moreno | | | | | | | | | | | | | | | |
| Diego Hernandez Gomez | | | | | | | | | | | | | | | |

1 of 4

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | No. Weeks in Pay Period | Hours Per Week in Pay Period | No. of SOH Days | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate of Pay | Minimum Wage (Overtime OT) | Lawful Weekly | "Gridval" Weekly | Underpayment Per Week | Unpaid Wage & OT | Liq Damages on Wages & OT | Unpaid Spread of Hours (SOH) Pay | Liq Damages on unpaid SOH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Agustin Morales | 10/15/2011 | 10/15/2012 | 41 | 18.5 | 0 | $  5.50 | $  11.25 | $  11.00 | $  16.50 | $  203.50 | $  158.75 | $  44.75 | $  2,614.75 | $  2,614.75 | $  - | $  - |
|  | 10/16/2012 | 12/30/2017 | 13 | 15.5 | 0 | $  6.63 | $  12.98 | $  11.00 | $  16.50 | $  150.50 | $  158.50 | $  36.63 | $  491.06 | $  491.06 | $  - | $  - |
|  | 12/31/2017 | 2/15/2018 | 7 | 15.5 | 0 | $  6.63 | $  12.98 | $  13.00 | $  19.50 | $  207.50 | $  134.98 | $  67.63 | $  473.08 | $  473.08 | $  - | $  - |
|  |  |  |  |  |  |  |  |  |  |  |  |  | $  5,784.70 | $  5,784.70 | $  - | $  - |
| David Luna Ponce | 10/1/2012 | 12/30/2012 | 13 | 41 | 0 | $  5.40 | $  7.50 | $  7.25 | $  10.88 | $  300.88 | $  205.00 | $  95.88 | $  1,246.38 | $  1,246.38 | $  - | $  - |
|  | 12/31/2012 | 12/28/2013 | 52 | 41 | 0 | $  5.05 | $  7.50 | $  8.00 | $  12.00 | $  332.00 | $  231.65 | $  100.35 | $  4,905.30 | $  4,905.30 | $  - | $  - |
|  | 12/31/2013 | 12/26/2014 | 52 | 41 | 0 | $  5.65 | $  8.48 | $  8.00 | $  12.00 | $  332.00 | $  231.65 | $  120.35 | $  802.30 | $  802.30 | $  - | $  - |
|  | 1/1/2014 | 12/30/2014 | 43 | 51 | 0 | $  5.65 | $  8.48 | $  8.00 | $  12.00 | $  480.00 | $  286.15 | $  193.85 | $  7,045.55 | $  7,045.55 | $  - | $  - |
|  | 12/31/2014 | 12/26/2015 | 8 | 51 | 0 | $  5.65 | $  8.48 | $  8.75 | $  13.13 | $  494.38 | $  288.15 | $  206.23 | $  8,667.68 | $  8,667.68 | $  - | $  - |
|  | 12/31/2015 | 1/1/2016 | 43 | 50 | 0 | $  5.65 | $  8.48 | $  8.75 | $  13.13 | $  573.25 | $  173.15 | $  400.10 | $  4,152.10 | $  4,152.10 | $  - | $  - |
|  | 12/31/2016 | 8/31/2016 | 35 | 26.5 | 0 | $  7.50 | $  11.25 | $  9.00 | $  13.50 | $  256.50 | $  213.75 | $  42.75 | $  1,496.25 | $  1,496.25 | $  - | $  - |
|  | 9/1/2016 | 12/29/2016 | 5 | 25 | 0 | $  7.50 | $  11.25 | $  9.00 | $  13.50 | $  256.50 | $  199.75 | $  56.75 | $  675.75 | $  675.75 | $  - | $  - |
|  | 12/31/2016 | 6/11/2017 | 36 | 25 | 0 | $  7.50 | $  11.25 | $  11.00 | $  16.50 | $  275.00 | $  187.50 | $  87.50 | $  3,150.00 | $  3,150.00 | $  - | $  - |
|  |  |  |  |  |  |  |  |  |  |  |  |  | $  32,481.20 | $  32,481.20 | $  - | $  - |
| Reginaldo Anibal Rojas | 6/1/2016 | 12/30/2016 | 22 | 35 | 0 | $  7.50 | $  11.25 | $  9.00 | $  13.50 | $  315.00 | $  262.50 | $  52.50 | $  1,155.00 | $  1,155.00 | $  - | $  - |
|  | 12/31/2016 | 8/31/2017 | 37 | 35 | 0 | $  7.50 | $  11.25 | $  11.00 | $  16.50 | $  385.00 | $  262.50 | $  122.50 | $  4,532.50 | $  4,532.50 | $  - | $  - |
|  | 9/16/2017 | 12/29/2017 | 15 | 35 | 0 | $  10.00 | $  15.00 | $  11.00 | $  16.50 | $  385.00 | $  315.00 | $  70.00 | $  1,050.00 | $  1,050.00 | $  - | $  - |
|  | 12/31/2017 | 1/13/2018 | 2 | 35 | 0 | $  13.00 | $  16.50 | $  13.00 | $  19.50 | $  535.00 | $  315.00 | $  140.00 | $  280.00 | $  280.00 | $  - | $  - |
|  | 1/16/2018 | 3/1/2018 | 6 | 35 | 0 | $  13.00 | $  16.50 | $  13.00 | $  19.50 | $  455.00 | $  365.00 | $  70.00 | $  420.00 | $  420.00 | $  - | $  - |
|  | 3/1/2018 | 3/18/2018 | 2 | 35 | 0 | $  6.63 | $  12.98 | $  13.00 | $  19.50 | $  455.00 | $  302.75 | $  152.25 | $  304.50 | $  304.50 | $  - | $  - |
|  |  |  |  |  |  |  |  |  |  |  |  |  | $  7,742.00 | $  7,742.00 | $  - | $  - |
| Joaquin Luna | 3/1/2015 | 12/30/2015 | 17 | 30 | 0 | $  5.65 | $  8.48 | $  7.25 | $  10.88 | $  237.50 | $  169.50 | $  48.00 | $  816.00 | $  816.00 | $  - | $  - |
|  | 12/31/2015 | 12/28/2016 | 52 | 30 | 0 | $  5.65 | $  8.48 | $  8.75 | $  13.13 | $  262.50 | $  169.50 | $  93.00 | $  4,656.00 | $  4,656.00 | $  - | $  - |
|  | 12/31/2016 | 12/30/2016 | 52 | 30 | 0 | $  5.65 | $  8.48 | $  9.00 | $  13.50 | $  262.50 | $  169.50 | $  93.00 | $  4,836.00 | $  4,836.00 | $  - | $  - |
|  | 12/31/2016 | 12/30/2017 | 52 | 30 | 0 | $  10.00 | $  15.00 | $  11.00 | $  16.50 | $  360.00 | $  300.00 | $  60.00 | $  - | $  - | $  - | $  - |
|  | 12/31/2017 | 7/25/2018 | 29 | 28.75 | 0 | $  10.00 | $  15.00 | $  13.00 | $  19.50 | $  287.50 | $  262.00 | $  28.75 | $  1,495.00 | $  1,495.00 | $  - | $  - |
|  |  |  |  |  |  |  |  |  |  |  |  |  | $  10,803.00 | $  10,803.00 | $  - | $  - |
| Efrain Antonio | 7/1/2012 | 11/15/2012 | 20 | 17.5 | 0 | $  7.50 | $  7.25 | $  10.88 |  | $  126.88 | $  10.88 | $  30.38 | $  787.50 | $  787.50 | $  - | $  - |
|  | 11/16/2012 | 12/26/2015 | 9 | 24 | 0 | $  7.50 | $  7.25 | $  10.88 |  | $  306.25 | $  37.25 | $  366.25 | $  366.25 | $  - | $  - |
|  | 1/16/2013 | 4/26/2013 | 15 | 24 | 0 | $  6.48 | $  7.20 | $  10.80 |  | $  172.80 | $  37.20 | $  558.00 | $  558.00 | $  - | $  - |
|  | 5/1/2013 | 12/30/2013 | 35 | 24 | 0 | $  6.48 | $  7.25 | $  10.88 |  | $  181.25 | $  40.25 | $  1,409.00 | $  1,409.00 | $  - | $  - |
|  | 12/31/2013 | 12/26/2015 | 52 | 25 | 0 | $  5.65 | $  8.48 | $  7.25 | $  10.88 | $  219.75 | $  77.50 | $  142.25 | $  4,050.90 | $  4,050.90 | $  - | $  - |
|  | 12/31/2015 | 3/15/2015 | 2 | 25 | 0 | $  5.65 | $  8.48 | $  8.75 | $  13.13 | $  219.75 | $  77.50 | $  142.25 | $  6,930.00 | $  6,930.00 | $  - | $  - |
|  | 3/16/2015 | 12/26/2015 | 5 | 25 | 0 | $  5.65 | $  8.48 | $  8.75 | $  13.13 | $  219.75 | $  77.50 | $  142.25 | $  1,622.50 | $  1,622.50 | $  - | $  - |
|  | 12/31/2015 | 11/15/2016 | 46 | 25 | 0 | $  7.50 | $  11.25 | $  9.00 | $  13.50 | $  225.00 | $  187.50 | $  37.50 | $  1,725.00 | $  1,725.00 | $  - | $  - |
|  |  |  |  |  |  |  |  |  |  |  |  |  | $  44,624.25 | $  44,624.25 | $  - | $  - |
|  |  |  |  |  |  |  |  |  |  |  |  |  | $  106,932.54 | $  106,932.54 | $  - | $  3,499.00 |

$  3,499.00

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

| Filing Date |  |
|---|---|
| FLSA |  |
| NYLL |  |
| Amendment |  |
| Today |  |

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period | | Annual Wage Notice | Weekly Wage Statement | Pre Jud Interest (PJI) on OT & Wages | Pre Jud Interest (PJI) on OT | (PJI) Spread of Hours | Tools of the Trade | Total Pre Period | Percentage | 1099 | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | From | To | | | | | | | | | 20% | 80% | 80% |
| Armando Vidal Ramirez | | | | | | | | | | | | | |
| Ignacio Israel Cedeno Moreno | | | | | | | | | | | | | |
| Daniel Guerrero | | | | | | | | | | | | | |
| Esteban Morales | | | | | | | | | | | | | |
| Jorge Alberto Jimenez Lopez | | | | | | | | | | | | | |
| Jose Javier Rodriguez Robles | | | | | | | | | | | | | |
| Juan Cuenu Daran | | | | | | | | | | | | | |
| Misael Morales | | | | | | | | | | | | | |
| Ramiro Torres Sosa | | | | | | | | | | | | | |
| Ricardo Trujillo | | | | | | | | | | | | | |
| Roberto Velazquez Rodriguez | | | | | | | | | | | | | |
| Teofolo Moreno | | | | | | | | | | | | | |
| Diego Hernandez Gomez | | | | | | | | | | | | | |

Privileged Settlement Communication

Subject to Revision / Correction

| Plaintiff | Pay Period From | Pay Period To | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period | Percentage | W2 | 20% | 1099 Total 80% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/31/2016 | 10/15/2017 | | | $ 467.95 | $ - | | $ 3,776.90 | | | | |
| | 10/16/2017 | 12/29/2017 | | | $ 53.45 | $ - | | $ 453.00 | | | | |
| | 12/31/2017 | 2/15/2018 | | | $ 34.03 | $ - | | $ 398.36 | | | | |
| Agustin Morales | | | $ - | $ 5,000.00 | $ 1,295.37 | $ - | $ 2,650.00 | $ 20,314.97 | 3.25% | $ 846.32 | $ 3,385.29 | $ 4,231.61 |
| | 9/1/2012 | 12/30/2012 | $ 3,000.00 | $ 3,000.00 | $ 488.83 | $ - | $ 2,725.00 | $ 14,703.83 | | | | |
| | 12/31/2012 | 12/30/2013 | | | $ 1,202.68 | $ - | | $ 5,972.68 | | | | |
| | 12/31/2013 | 12/30/2014 | | | $ 1,067.51 | $ - | | $ 5,955.51 | | | | |
| | 12/31/2014 | 12/30/2015 | | | $ 1,001.81 | $ - | | $ 10,029.81 | | | | |
| | 12/31/2015 | 12/30/2016 | | | $ 530.53 | $ - | | $ 4,668.53 | | | | |
| | 12/31/2016 | 2/15/2017 | | | $ 120.38 | $ - | | $ 1,296.38 | | | | |
| David Luna Ponce | | | $ 5,000.00 | $ 5,000.00 | $ 4,801.94 | $ - | $ 2,725.00 | $ 42,550.54 | 6.74% | $ 1,755.70 | $ 7,022.81 | $ 8,778.52 |
| | 10/1/2012 | 12/30/2012 | $ 3,000.00 | $ 3,000.00 | $ 726.65 | $ - | $ 2,725.00 | $ 10,984.40 | | | | |
| | 12/31/2012 | 12/30/2013 | | | $ 2,626.30 | $ - | | $ 12,097.30 | | | | |
| | 12/31/2013 | 12/30/2014 | | | $ 580.94 | $ - | | $ 1,986.44 | | | | |
| | 1/1/2014 | 12/30/2014 | | | $ 1,025.25 | $ - | | $ 7,116.70 | | | | |
| | 12/31/2014 | 12/30/2015 | | | $ 3,499.65 | $ - | | $ 21,144.00 | | | | |
| | 1/1/2015 | 12/30/2015 | | | $ 1,402.41 | $ - | | $ 9,647.06 | | | | |
| | 12/31/2015 | 8/31/2016 | | | $ 466.56 | $ - | | $ 3,598.86 | | | | |
| | 9/1/2016 | 12/30/2016 | | | $ 145.65 | $ - | | $ 1,564.53 | | | | |
| | 12/31/2016 | 1/31/2017 | | | $ 567.32 | $ - | | $ 4,407.32 | | | | |
| Reginaldo Anibal Rojas | | | $ 5,000.00 | $ 5,000.00 | $ 12,696.90 | $ - | $ 2,725.00 | $ 83,235.30 | 13.49% | $ 3,513.91 | $ 14,055.65 | $ 17,579.57 |
| | 4/1/2016 | 12/30/2016 | $ 3,000.00 | $ 3,000.00 | $ 263.97 | $ - | $ 600.00 | $ 13,175.97 | | | | |
| | 12/31/2016 | 9/15/2017 | | | $ 814.08 | $ - | | $ 8,970.08 | | | | |
| | 9/16/2017 | 12/29/2017 | | | $ 141.34 | $ - | | $ 2,241.34 | | | | |
| | 12/31/2017 | 2/15/2018 | | | $ 33.48 | $ - | | $ 593.48 | | | | |
| | 1/16/2018 | 3/1/2018 | | | $ 47.06 | $ - | | $ 487.06 | | | | |
| | 3/1/2018 | | | | $ 35.63 | $ - | | $ 488.63 | | | | |
| Joaquin Luna | | | $ 3,000.00 | $ 3,000.00 | $ 1,335.76 | $ - | $ 600.00 | $ 27,417.76 | 4.34% | $ 1,131.09 | $ 4,524.35 | $ 5,655.44 |
| | 3/1/2015 | 12/30/2015 | $ 3,000.00 | $ 3,000.00 | $ 405.31 | $ - | $ - | $ 12,857.31 | | | | |
| | 12/31/2015 | 12/30/2016 | | | $ 1,691.28 | $ - | | $ 9,513.26 | | | | |
| | 12/31/2016 | 12/30/2017 | | | $ 1,677.07 | $ - | | $ 13,549.07 | | | | |
| | 12/31/2017 | 12/30/2018 | | | $ - | $ - | | $ - | | | | |
| | 12/31/2017 | 12/30/2018 | | | $ 248.50 | $ - | | $ 3,238.50 | | | | |
| Efrain Antonio | | | $ 3,000.00 | $ 3,000.00 | $ 5,532.62 | $ - | $ - | $ 35,538.62 | 5.83% | $ 3,660.59 | $ 3,667.72 | $ 7,584.65 |
| | 7/1/2012 | 11/15/2012 | $ 3,000.00 | $ 3,000.00 | $ 472.43 | $ - | | $ 12,047.43 | | | | |
| | 11/16/2012 | 4/30/2013 | | | $ 261.26 | $ - | | $ 1,563.76 | | | | |
| | 1/16/2013 | 4/30/2013 | | | $ 399.25 | $ - | | $ 1,825.65 | | | | |
| | 5/1/2013 | 12/30/2013 | | | $ 714.62 | $ - | | $ 5,164.62 | | | | |
| | 1/1/2014 | 12/30/2014 | | | $ 1,338.94 | $ - | | $ 1,044.94 | | | | |
| | 12/31/2014 | 12/30/2015 | | | $ 575.96 | $ - | | $ 9,639.96 | | | | |
| | 12/31/2015 | 12/30/2016 | | | $ 206.31 | $ - | | $ 3,663.59 | | | | |
| | 12/31/2016 | 11/15/2016 | | | $ 452.32 | $ - | | $ 5,962.32 | | | | |
| | | | $ 5,000.00 | $ 5,000.00 | $ 5,204.06 | $ 1,228.40 | $ - | $ 38,205.09 | | | | |
| | | $ 42,500.00 | $ 5,000.00 | $ 90,000.00 | $ 68,763.41 | $ 1,228.40 | $ 30,200.00 | $ 634,660.11 | 100.00% | $ 26,066.47 | $ 104,266.66 | $ 130,333.13 |

Notes box:
4/26/2009
4/26/2005
4/26/2002
4/9/2012
5/7/2009